**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anthony Gregory LaPointe,<br>Plaintiff,<br>v.<br>Unknown Aguire, et al.,<br>Defendants. | No. CV-25-02458-PHX-DJH (JFM)<br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") issued by Magistrate Judge James F. Metcalf screening Plaintiff Anthony Gregory LaPointe's ("Plaintiff") First Amended Complaint (Doc. 26). Among other things,[1] the R&R recommends dismissing Plaintiff's failure-to-protect claim in Count One against Defendants Davis and John Doe #1. (*Id.* at 5–6, 9–11). The R&R also recommends requiring Defendants Digregiro and John Doa #10091 to respond to Plaintiff's excessive force claim in Count Four and Defendant Leon to respond to his deliberate indifference to his medical needs claim in Count Five. (*Id.* at 9–11). For the reasons discussed below, the R&R is **ADOPTED IN PART AND MODIFIED** in accordance with this Order.

/ / /

[1] Neither Parties objected to the R&R's recommendation that Count One against Freeman and Count Two against Pena, Aguire, Kirker and Davis be allowed to proceed; nor the recommendation that Count Two against Luna, Count Three in its entirety, Count Four against Farroho, and Count Five (excluding Plaintiff's claim against Leon arising from the June 6, 2025, incident) be dismissed without prejudice. (Doc. 26 at 15–16). The Court agrees with the Magistrate Judge's recommendations on these Counts and **ADOPTS** the R&R's analysis and recommendations as to these claims against these Defendants.

**I. Background**

Plaintiff is a state prisoner at the Arizona State Prison Complex-Lewis in Buckeye, Arizona proceeding *pro se* and *in forma pauperis* ("IFP") with this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his rights under the Eighth Amendment. (*See* Docs. 1 & 11 at 2). Plaintiff initiated this action on July 11, 2025, by filing his four-count Original Complaint. (Doc. 1). On September 2, 2025, the Court entered its first Screening Order and ordered Defendant Freeman answer Count One and Defendants Pena, Aguire, Kirker, and Davis answer Count Two and dismissed the remainder of the Original Complaint. (Doc. 11 at 14–16). The Court also referred this matter to Judge Metcalf pursuant to Local Rules of Civil Procedure ("LRCiv") 72.1 and 72.2 for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1). (*Id.* at 16).

On October 6, 2025, with permission, Plaintiff filed his First Amended Complaint ("FAC"). (Docs. 17 & 18). In his five-count First Amended Complaint ("FAC"), Plaintiff alleges prison officials violated his Eight Amendment rights arising from various incidents from February through September 2025. (Doc. 18). Relevant to the objections here, Count One alleges Defendants Davis and John Doe #1 failed to protect Plaintiff from another inmate on February 26, 2025 (*Id.* at 6–8); Count Four alleges Defendant John Doa #3 used excessive force against him in the first week of September 2025 (*Id.* at 23); and Count Five alleges Defendant Leon was deliberately indifferent by refusing Plaintiff's request for medical attention on June 6, 2025 (*Id.* at 24).

On November 11, 2025, before being served with the FAC, Defendants Davis, Kirker, Freeman, Pena, and Aguire filed their Answer to the Original Complaint. (Doc. 25). On November 20, 2025, Judge Metcalf issued his R&R screening the FAC. (Doc. 26). The R&R recommended Count One against Defendants Davis and John Doe #1 to be dismissed without prejudice; but Count Four against Defendant John Doa #10091 and Count Five against Defendant Leon be allowed to proceed. (*Id.* at 15–16).

Defendants Davis, Kirker, Freeman, Pena, and Aguire timely filed their Objections to the R&R. (Doc. 27). After extensions granted by the Court, Plaintiff also filed

Objections to the R&R. (*See* Docs. 37, 43 & 44).

## II. Legal Standard

When a magistrate judge is presented with a dispositive matter but lacks both parties' consent or a "prisoner petition challenging the conditions of confinement," the magistrate must issue a report and recommendation to a district judge. Fed. R. Civ. P. 72(b). *see also* 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A *de novo* review is required of any portion of a report and recommendation that has been properly objected to, meaning that the objecting party has filed within fourteen days its "specific written objections" to the proposed findings and recommendations. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## III. Plaintiff's Objections

First, Plaintiff objects to Judge Metcalf's Pretrial Orders entered on September 24 and October 6, 2025, directing him file a copy of his FAC showing the changes between the pleadings as required by LRCiv 15.1. (*See* Docs. 15 & 17). Plaintiff purported to do so (Doc. 24), but the R&R found the filing was "inconsistent" and "largely unhelpful." (Doc. 26 at 3). Plaintiff objects that Judge Metcalf lacked authority to order him to file the FAC as directed. (Doc. 44 at 2). This objection, filed on May 5, 2026, is untimely because more than fourteen days have passed since the entry of these Orders and Plaintiff did not request any extensions. Furthermore, the directives do not show any factual or legal error in the R&R's analysis and recommendations. Therefore, this objection is overruled.

Second, Plaintiff argues the R&R improperly referred to the Original Complaint in reaching its conclusion that Count One against Defendants Davis and John Doe #1 should be dismissed. (*Id.* at 4). This was not error as the R&R determined that Count One in the

FAC was a "wholesale rewrite" of Count One in the Original Complaint, and suffered the same deficiencies identified in the Court's September 2, 2025, Screening Order. (Doc. 26 at 5–6). Upon review, the Court finds Judge Metcalf did not err adopting the analysis in the Court's September 2, 2025, Screening Order and overrules this objection.

As alleged, before the February 26, 2025, attack—when an inmate stabbed Plaintiff—Defendants previously investigated this inmate for threatening to kill medical personnel and witnessed his violent behavior. (Doc. 18 at 6–7). Defendants concluded the inmate would be removed from the general population if he made another threat. (*Id.* at 7). The FAC alleges that by releasing this inmate back into the general population, Defendants failed to protect Plaintiff. (*Id.*) The R&R accepted these allegations and concluded the FAC failed to state a claim because it does not allege Defendants were aware of a "specific threat" to Plaintiff. (Doc. 26 at 5–6). Plaintiff contends the R&R erred dismissing Count One against Defendants Davis and John Doe #1 because under the Supreme Court's rule in *Farmer v. Brennan*, 511 U.S. 825 (1994), prison officials can be liable for failing to protect a prisoner when they know there is a serious risk or general threat to safety without knowing the precise nature of the risk. (Doc. 44 at 4). Plaintiff's reliance on *Farmer* is misplaced because that case involved a failure-to-protect claim arising under markedly dissimilar factual circumstances.

In *Farmer*, the claim arose after prison officials placed the plaintiff in the "general population [of the prison] despite knowledge that the penitentiary had a violent environment and a history of inmate assaults, and despite knowledge that [plaintiff], as a transsexual who projects feminine characteristics, would be particularly vulnerable to sexual attack by some . . . inmates." *Farmer*, 511 U.S. at 830–31. *Farmer* is factually distinguishable from this case because it involved prison officials' failure to protect a specific inmate from a particularized, known danger, *i.e.*, the inmate's transsexuality. *Id.*

Here, in contrast, the FAC does not allege that Defendants had any reason to believe Plaintiff was "particularly vulnerable to . . . attack." *Id.* at 831. Instead, Plaintiff's theory seems to be that Defendants knowledge that another inmate posed a "general threat"—

based on its investigation following threats to medical staff and witnessing said inmates' aggressive behavior yet refusing to remove him from the general population—amounted to deliberate indifference to the safety needs of all the inmates, including Plaintiff. This theory, often referred to as a generalized failure-to-protect claim or an excessive-inmate-violence claim, *see Yeager v. Arizona*, 2025 WL 963380, at *12 (D. Ariz. Mar. 31, 2025), renders *Farmer* inapposite. Therefore, Plaintiff's reliance on *Farmer* does not support Plaintiff's objection.

Still, the R&R's finding that the FAC failed to allege Defendants were aware of a "specific threat to Plaintiff" indicates a lack of a causal connection between Defendants' knowledge of the general threat the inmate posed and Plaintiff's attack. *See Lemire v. Cal. Dep't of Corrs. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (deliberate indifference for failure-to-protect claim requires that "defendants' actions were both an actual and proximate cause of [plaintiff's] injuries"). The Court overrules this objection.

## IV. Defendants' Objections

Defendants object only to the R&R's legal conclusions that the FAC states a claim as to (1) Count Four, excessive force, against Defendants Digregiro and John Doa #10091, and (2) Count Five, deliberate indifference to a serious medical need, against Defendant Leon. (Docs. 26 at 9–11; 27 at 2–4). In other words, Defendants merely dispute whether the factual allegations as to these claims state a claim. However, Defendants fail to provide a basis to reject or modify the R&R because their objections do not identify any specific factual or legal error Judge Metcalf committed in determining that the FAC states a claim. Therefore, these objections are not sufficiently presented and are overruled.

## V. Factual Error in R&R

Upon review, the Court finds the R&R made a factual error as to Count Four. The FAC alleges that in the first week of September 2025, Defendants Digregrio and *John Doa #3* shot two to three pepper ball rounds toward Plaintiff while he was on the phone but there was "[n]o issue or violent situation" requiring the need to "restore order or protect individuals." (Doc. 18 at 23). However, the R&R identifies Defendant *John Doa #10091*

as the second defendant involved in this incident. (Doc. 26 at 9). Neither Party objects to this clear factual contradiction, and Defendants seem to concede that Defendant John Doa #10091 was the other defendant involved. (Doc. 27 at 2–3). While such error does not affect the merits of the R&R's analysis, it is unclear whether this was inadvertent or whether these are the same defendant. For this reason, the R&R erred recommending the dismissal of Count Four against John Doa #3 while allowing it to proceed against John Doa #10091.

Although the Court finds Plaintiff has stated a claim against Defendant John Doa #3 as to Count Four, the Court will not require service on this Defendant at this time because it is, in most instances, impossible for the United States Marshal to serve a summons and complaint upon an anonymous defendant.[2] The Court will allow Plaintiff **120 days** in which to discover the actual name of Defendant John Doa #3, through subpoena or otherwise, and to substitute with the Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss this action without prejudice if Plaintiff fails to timely file a notice of substitution identifying Defendant John Doa #3, unless Plaintiff seeks and is granted an extension of time.

Accordingly,

**IT IS ORDERED** that Defendants' Objections to the Report and Recommendation of the Magistrate Judge (Doc. 27) are **OVERRULED**.

**IT IS ORDERED** that Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 44) are **OVERRULED**.

/ / /

/ / /

/ / /

/ / /

---

[2] Where the identity of a defendant is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

**IT IS FINALLY ORDERED** that the Report and Recommendation of the Magistrate Judge Metcalfe (Doc. 26) is **ADOPTED IN PART AND MODIFIED** as follows: Count Four against John Doa #10091 is **DISMISSED** without prejudice; Count Four against John Doa #3 may proceed.

Dated this 18th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge